UNITED STATES BANKRUPTCY COURT
**Eastern District of Louisiana**

IN RE: **Renell Manuel**     CASE NO. **15-12283**
CHAPTER 13
Section _____

Debtor's Counsel: **Phillip D. Rubins 17779**

CHAPTER 13 PLAN

☐ Original    ☑ Amended Plan filed: **2nd**    ☐ Modified Plan filed: ____

1. Payment and length of plan: The future earnings and other future income of the Debtor is submitted to the supervision and control of Trustee. The Debtor shall pay **$768.35 per month for 60 months** beginning one month after the petition date, such that the first payment will be due on the same day of the month as the day the petition was filed but for the month following the filing and continuing monthly thereafter for **60** months.

   Other payments to Trustee: Debtor shall file both Federal and State Income tax returns timely. Debtor shall provide a copy of same to Trustee immediately after filing. All Federal and State Income Tax Refunds due for all years during this plan's effect are disposable income and will be turned over to Trustee as an additional distribution to creditors. Debtor is allowed to retain the Earned Income Credit (EIC) portion of any refund.

   The nonexempt proceeds of any lawsuit or unliquidated claim held by Debtor as of the date of filing or accruing during the term of this plan must be turned over to Trustee and shall constitute an additional distribution to creditors.

   The proceeds of any refinancing or the sale of nonexempt property owned by Debtor or acquired during the term of this plan must be turned over to Trustee for administration and after approval and order of the Court.

2. Disposable Income: Debtor is ☐ above the means ☑ below the means
   Debtor's disposable income as reflected on Schedule B22C, after adjustment as set forth on the reconciliation report filed with this plan, is ____ per month. (If the plan proposes to pay less than the amounts set forth on Schedule B22C as adjusted, please file a statement of explanation as to why.)

   Debtor alleges that present disposable income as reflected on Schedule J is **$778.48** (after adjustment for any expenses payable through Trustee or for surrendered property). In addition, this plan will be funded by contributions of $____ per month from ____.

3. Liquidation analysis: The present value of property available to pay nonpriority, unsecured creditor interests should a liquidation be ordered is **$0.00**. (Attach completed liquidation analysis). The future value of this sum over the life of the plan is $____ assuming an interest rate of ____%

4. From the payments received under the plan Trustee shall make disbursements as follows:
a. Payment of administrative expenses until satisfied in full:
   (1) Filing Fee (unpaid portion): **$0.00**
   (2) Trustee's fee: **10.00%** (paid as accrued)
   (3) Attorney's Fee (unpaid portion) **$2,410.00**
   Attorney's fees within the guidelines of this Court's General Order will be deemed approved by the Court unless Objection is filed at the time of confirmation. Any additional fees claimed are subject to application and approval of the Court.
   (4) Adequate protection payments of **$50.00/mo. 1st 2 mos.**

b. Secured Claims shall be paid after the satisfaction of payments under paragraphs 4(a). Payments to claimants in classes 4(b) shall be paid as follows: (Please see General Provisions Secured Claimants)
   (1) Secured claims which will not extend beyond the length of the plan. The entire balance of the following claims will be paid:

| Names/Description of collateral | Secured Claim | Monthly payment / Dates of payment | Int. rate | Total Payments |
|---|---|---|---|---|
| **Credit Acceptance** | 8,331.00 | 50/mo. 1st 2 mos. | 5.25% | 10,300.00 |
| **2010 Ford Escape** | | 175.86/mo. next 58 mos. | | |

(2) Secured claims which will extend beyond the length of the plan:

(a) Installment payments maturing postpetition on the following claims will be paid to the claimant directly. As a result, no payments on maturing postpetition installments will be made from funds payable to Trustee. Prepetition arrearages, if any, are satisfied under the provisions of 4(b)(2)(b). The claimant's allowed security interest and claim for amounts maturing postpetition, may be affected by the Federal Rules of Bankruptcy Procedure, any order of this court and the General Provisions of this plan.

| Names/Description of collateral | Monthly payment |
|---|---|
| **Chase Manhattan Mortgage** *Balance $160,000.00<br>**Residence**<br>**108 Oak Arbor Dr.**<br>**Laplace, LA 70068** | 1,400.00 |
| **Citifinancial** *Balance $131,400.00<br>**Rental property**<br>**2908 Yorktown Dr.**<br>**Laplace, LA 70068**<br>*Rental income of $1,100/mo. | 1,093.00 |
| U.S. Dept. of Housing & Urban Development - Soft 2nd mtg - no payments due<br>**108 Oak Arbor Dr.**  *Balance $40,267.00<br>**Laplace, LA 70068** | 0.00 |

(b) Defaults to be Cured on Claims Secured by Property of the Estate:

The following amounts will be paid to fully cure any defaults existing on the petition date on the claims listed below. On completion of the plan, any amount in addition to that set forth below and owed to cure the prepetition default of Debtor will be discharged and the Debtor will be released from any further obligation *in personam* or *in rem* with regard to the amounts necessary to cure. The amounts to cure will be secured by the collateral described below during the term of this plan. On completion of the plan, the following claims shall be deemed in good standing and current as of the petition date. The security interest of the claimant shall survive discharge but only to secure those amounts maturing after the petition date. The amounts owed and secured in favor of the claimant postpetition may be affected by the Federal Rules of Bankruptcy Procedure, any order of the court, and the General Provisions of this plan.

| Names/Description of collateral | Allowed Amt | Dates of payment | Int. rate | Total Payments |
|---|---|---|---|---|
| **Chase Manhattan Mortgage**<br>**Residence**<br>**108 Oak Arbor Dr.**<br>**Laplace, LA 70068** | 28,000.00 | Pro Rata | Included | 28,000.00 |

c.      Priority Claims under 11 U.S.C.§507. Payments to priority claimants will be made after payments to administrative claimants, paragraph 4(a) above and Secured claimants under paragraph 4(b), unless otherwise indicated:

| Name | Amount of Claim | Monthly payment / Months of Payment | Int Rate | Total Payments |
|---|---|---|---|---|
| **Phillip D. Rubins** | 1,200.00 | Per G.O. 2011-1 | ------ | 1,200.00 |

d. Unsecured Claims. No amounts will be paid on unsecured claims until plan payments under paragraphs 4(a)-(c) are satisfied., After payments to claimants in class 4(a)-4(c) have been satisfied, any additional monies available for distribution shall be paid, *pro rata* based on the individual claim included in class 4(d) divided by the total amounts owed to class 4(d). At the time of confirmation, it is estimated that claimants in this class will receive distributions equal to $ __**$0.00**__ or __**0%**__ of their allowed claims. Actual distributions may vary depending on changes in Debtor's disposable income over the life of the plan, the amount of allowed unsecured nonpriority claims, the amount and ranking of secured, priority and administrative claims. However, general nonpriority unsecured claims shall be paid no less than __**$0.00**__ in aggregate over the life of the plan.

5.   All payments to Trustee are to be made directly by __X__ Debtor   __ Wage order
Payments to ____ (secured or priority creditor(s)) shall be made by __ Wage deduction  __ Debtor __ bank draft __ other

6.   All executory contracts are rejected except the following which are assumed:

Name                                                                 Description of Contract
**-NONE-**

7.   Property to be surrendered:

Property description                                                  Creditor
**-NONE-**

8.  Other:

except to the extent caused by Debtor's use post-confirmation, fault or gross negligence. Upon confirmation, the stay imposed by 11 U.S.C. §362 shall be lifted as to all surrendered property so as to permit creditors holding security interests in same to pursue rights in the property. Unless otherwise provided in the plan, a surrender shall entitle the secured claimant to file an unsecured deficiency claim if due. If a deficiency claim is allowed, distributions will be payable to the claimant on a pro rata basis with other claimants in its class from the date of the filing of the deficiency claim only. Deficiency claimants will not be entitled to equalizing distributions based on prior payments made to the class.

Unless ordered otherwise, Trustee shall cease making disbursements to any secured claimant on its secured claim after an order lifting the stay imposed by 11 U.S.C. §362(a) is entered or a plan that surrenders the collateral to the secured claimant is approved.

During the term of the plan, secured creditors may continue to send Debtor notices, statements or other written information on the status of direct, monthly post-confirmation payments. However, demand letters are not permitted nor may secured claimants invoice or provide informational statements as to accrued, but unapproved, charges allegedly due, except under the procedures outlined in the Federal Rules of Bankruptcy Procedure or Local Rules of the Court.

If a secured claimant proposes under the terms of its note or security instrument to change the amount of any direct payments made by Debtor, the claimant shall give written notice of the change to Debtor, Debtor's counsel and Trustee along with appropriate documentation explaining the reason for the adjustment in accordance with the Federal Rules of Bankruptcy Procedure. To the extent the secured creditor claims a right to receive any postpetition charges or fees under the terms of its contract with Debtor, it must comply with the Federal Rules of Bankruptcy Procedure regarding same or they will be discharged on completion of the case and Debtor shall be released both *in rem* and *in personam* from the claim.

Unless otherwise ordered by the Court, all payments received by the secured creditor from Trustee shall be applied to reduce the amounts reflected on the creditor's proof of claim for sums due and payable prepetition. All amounts paid directly by Debtor to the secured creditor will be applied to outstanding interest accrued since the filing date, Debtor's escrow account or principal. In the event a secured creditor believes it is entitled to additional postpetition charges or fees, it must seek approval for same in accordance with the Federal Rules of Bankruptcy Procedure prior to imposing any charge or fee against Debtor's account.

Plan Reconciliation With Form B22C

Monthly disposable income reflected on B22C (line 59): _____ *

Add:

Deductions for future debt payments payable through the plan (line 47): _____

Deductions for other secured claims payable through the plan (line 48): _____

Payments on prepetition priority claims (line 49): _____

Chapter 13 administrative expenses (line 50): _____

**Total adjusted monthly disposable income:**
**Disposable Income as reflected on Schedule I & J**
(Add expenses payable by Trustee or on claims subject to surrender or sale)           $778.48

Monthly Projected Disposable Income provided by Plan           $768.35

*Debtor avers that monthly disposable income as calculated on B22C should be adjusted to reflect the following:

Date  10/30/15        Signature  _Renell Manuel_
                                 Renell Manuel
                                 Debtor

## PLAN CALCULATION

Secured          $10,300.00 – Credit Acceptance
                 $28,000.00 - Chase

Priority         $      0.00

Administration   $ 1,200.00 - Payment to Phillip Rubins (General Order 2011-1)
                 $ 2,410.00 - Attorney Fees

Unsecured        $      0.00 – 0% (estimated)
                 _____
                 $41,910.00
                 $ 4,191.00 - 10% Trustee Commission
                 _____
                 $46,101.00 - Total to be paid over 60 months

**PLAN TERMS**
**0% (estimated) - 60 months, in payments of $768.35 per month.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:     RENELL MANUEL            CASE NO. 15-12283

           DEBTOR                            SECTION A

                                                     CHAPTER 13

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **SECOND MOTION TO AMEND PLAN PRE CONFIRMATION** and the **Amended Plan** were served on the _____ day of _____, 2015 by ELECTRONIC FILING through the court's electronic filing system upon:

Chapter 13 Trustee, S.J. Beaulieu      ecf@ch13no.com

United States Trustee                USTPRegion05.NR.ECF@usdoj.gov

and by First Class Mail, Postage Prepaid on the attached list of creditors.

                                                                       Phillip D. Rubins
                                                     4051 Veterans Memorial Blvd
                                                                        Suite 305
                                                                   Metairie, LA 70002
                                                                     (504) 454-7763
                                                                          (#17779)

ncrs_addresses

Case Number:   15-12283

```
15-12283|Collector of Revenue |City of New Orleans|Department of Finance|1300 Perdido Street, RM 1W15|New Orleans, LA 70112-2128||
15-12283|JPMorgan Chase Bank, N.A. |700 Kansas Lane|Monroe, LA 71203-4774||||
15-12283|Louisiana Department of Revenue |Collection Division/Bankruptcy Section|P.O. Box 66658|Baton Rouge, LA 70896-6658 |||
15-12283|Louisiana Workforce Commission |UI Tax Liability and Adjudications|Attn: Bankruptcy Unit|1001 N. 23rd Street|Baton Rouge, LA 70802-3338||
15-12283|U. S. Attorney's Office |Eastern District of Louisiana|650 Poydras Street|Suite 1600|New Orleans, LA 70130-7212 ||
15-12283|United States Bankruptcy Court|Eastern District of Louisiana|Hale Boggs Federal Building|500 Poydras Street, Suite B-601|New Orleans, LA 70130-3319||
15-12283|AT&T Mobility |P.O. Box 53216|Atlanta, GA 30355-1216| |||
15-12283|Ad Astra Recovery Service |8918 W. 21 Street N.|Suite 200|PMB 112|Wichita, KS 67205-1880| |
15-12283|Ad Astra Recovery Services |7330 W. 33rd St. N|Suite 118|Wichita, KS 67205-9370| ||
15-12283|Alliance Surgery Center |c/o CSD Collections|11412 Lake Sherwood Ave. N|Baton Rouge, LA 70816-0406| ||
15-12283|Anthony J. Russo, Jr. |Seale, Smith, Zuber & Barnette|8550 United Plaza Blvd., Suite 200|Baton Rouge, LA 70809-2256| ||
15-12283|Capital One |Attn: Bankruptcy Department|P.O. Box 30285|Salt Lake City, UT 84130-0285| ||
15-12283|CAPITAL ONE|PO BOX 30285|SALT LAKE CITY UT 84130-0285||||preferred
15-12283|Chase Manhattan Mortgage |Attn: Bankruptcy Department|3415 Vision Dr.|Columbus, OH 43219-6009| ||
15-12283|Chase Manhattan Mortgage |P.O. Box 24696|Columbus, OH 43224-0696| |||
15-12283|Citifinancial |300 St. Paul Pl.|Baltimore, MD 21202-2120| |||
15-12283|Citifinancial/OneMain Financial |P.O. Box 140489|Irving, TX 75014-0489| |||
15-12283|Convergent Outsourcing |800 SW 39th St.|Renton, WA 98057-4975| |||
15-12283|Convergent Outsourcing |800 SW 39th St.|Renton, WA 98057-4975| |||duplicate
15-12283|Convergent Outsourcing |P.O. Box 9004|Renton, WA 98057-9004| |||
15-12283|Credit Acceptance |Attn: Bankruptcy|25505 West 12 Mile Rd.|Suite 3000|Southfield, MI 48034-8331| |
15-12283|Credit Acceptance |P.O. Box 513|Southfield, MI 48037-0513| |||
15-12283|Credit Collection Services |P.O. Box 773|Needham Heights, MA 02494-0918| |||
15-12283|Crescent City Credit Recovery |2705 Athania Pkwy.|P.O. Box 6766|Metairie, LA 70009-6766| ||
15-12283|DIRECTV LLC|ATTN BANKRUPTCIES|PO BOX 6550|GREENWOOD VILLAGE CO 80155-6550|||preferred
15-12283|DIRECTV LLC|ATTN BANKRUPTCIES|PO BOX 6550|GREENWOOD VILLAGE CO 80155-6550|||preferred duplicate
15-12283|E.J. General Hospital |4200 Houma Blvd.|P.O. Box 8804|Metairie, LA 70011-8804| ||
15-12283|EOS CCA |P.O. Box 981008|Boston, MA 02298-1008| |||
15-12283|GE Capital |300 East John Carpenter Freeway|Suite 302|Irving, TX
```

ncrs_addresses

```
75062-2386| ||
15-12283|GE Capital |P.O. Box 960061|Orlando, FL 32896-0061| |||
15-12283|Gaylord Security Systems |c/o Dynamic Strat.|2525 220th St. SE|Bothell, WA 98021-4440| ||
15-12283|Ginny's/Swiss Colony |Attn: Bankruptcy|1112 7th Ave.|Monroe, WI 53566-1364| ||
15-12283|HSBC Bank |Attn: Bankruptcy|P.O. Box 5213|Carol Stream, IL 60197-5213| ||
15-12283|JPMorgan Chase Bank, N.A. |700 Kansas Lane|Monroe, LA 71203-4774| |||duplicate
15-12283|Midland Funding |2365 Northside Dr.|Suite 300|San Diego, CA 92108-2709| ||
15-12283|Portfolio Recovery |287 Independence|Virginia Beach, VA 23462-2962| |||
15-12283|PORTFOLIO RECOVERY ASSOCIATES LLC|PO BOX 41067|NORFOLK VA 23541-1067||||preferred
15-12283|Progressive Insurance Company |c/o Credit Collection Service|P.O. Box 9134|Needham Heights, MA 02494-9134| ||
15-12283|River Parishes Hospital |500 Rue De Sante|La Place, LA 70068-5418| |||
15-12283|SENEX SERVICES CORP|3333 FOUNDERS ROAD|2ND FLOOR|INDIANAPOLIS IN 46268-4933|||preferred
15-12283|Seventh Avenue |1112 7th Ave.|Monroe, WI 53566-1364| |||
15-12283|Southern Credit Recovery, Inc. |3228 6th St.|Suite 201|Metairie, LA 70002-1677| ||
15-12283|Speedy Cash |SCIL, Inc.|3527 N. Ridge Road|Wichita, KS 67205-1212| ||
15-12283|St. John Physical Therapy |504 Rue De Sante|La Place, LA 70068-5418| |||
15-12283|T-Mobile |P.O. Box 629025|El Dorado Hills, CA 95762-9025| |||
15-12283|TeleRecovery |3800 Florida Ave.|Suite 100|Kenner, LA 70065-3034| ||
15-12283|U.S. Department of Housing and Urban Develop|451 7th Street S.W.|Washington, DC 20410-0002| |||
15-12283|Office of the U.S. Trustee |400 Poydras Street|Suite 2110|New Orleans, LA 70130-3238|||
15-12283|Phillip D. Rubins |4051 Veterans Memorial Boulevard|Suite 305|Metairie, LA 70002-5584|||
15-12283|Renell Manuel |108 Oak Arbor Dr.|La Place, LA 70068-7109||||
15-12283|S. J. Beaulieu Jr.|433 Metairie Road|Suite 307|Metairie, LA 70005-4326|||
```

Total Labels 51